TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (Bar # 111536)
GIA L. CINCONE (Bar # 141668)
Two Embarcadero Center, 8th Floor
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
Email:  gsgilchrist@townsend.com, glcincone@townsend.com

Attorneys for Plaintiff
LEVI STRAUSS & CO.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO., | Case No. C 08-0478 EMC |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| v. | |
| FIVE FOUR CLOTHING, INC., | **CMC Date:  May 14, 2008** |
| Defendant. | **CMC Time:  1:30 p.m** |

Plaintiff Levi Strauss & Co. ("LS&CO.") and defendant Five Four Clothing, Inc. ("Five Four") jointly submit this Case Management Statement and Proposed Order.

**1.      Jurisdiction and Service.**

LS&CO.'s first, second and third claims arise under the Lanham Act.  This Court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b) and 15 U.S.C. §1121, and supplemental jurisdiction over LS&CO.'s state law claims pursuant to 28 U.S.C. §1367.  No issue exists as to personal jurisdiction or venue, and no parties remain to be served.

**2.      Facts and Bases for Claims and Defenses.**

<u>Plaintiff's Claims:</u>  LS&CO. is a Delaware corporation which has its principal place of business in San Francisco, California.  LS&CO. is the sole owner of the Arcuate Stitching Design Trademark ("Arcuate Trademark"), which LS&CO. has used continuously in interstate commerce

since 1873 and which is the oldest apparel trademark still in use in the United States. The Arcuate

Trademark is federally registered and incontestable. Examples of LS&CO.'s use of the Arcuate

Trademark on jeans are attached as Exhibit A to the Complaint, and LS&CO.'s federal and California

registrations for the Arcuate Trademark are attached to the Complaint as Exhibit B.

Five Four Clothing, Inc. is a California corporation with its principal place of business in Los

Angeles, California. Five Four manufactures, distributes, and sells jeans and other apparel under the

brand name FIVE FOUR bearing a number of stitching designs that LS&CO. believes are confusingly

similar to its Arcuate Trademark and violate LS&CO.'s rights in its mark. LS&CO.'s complaint states

claims against Five Four for trademark infringement, dilution and unfair competition under federal

and California law.

Defendant's Defenses: Five Four Clothing was founded in 2002, is based in Los Angeles, and

designs and distributes its own unique clothing. All of Five Four's products bear the distinctive Five

Four Marks, many of which are registered with the USPTO.



Contrary to Levis' allegations, Five Four's jeans do not infringe upon Levis' intellectual

property. Five Four goods are marketed under the Five Four brand name, the jeans are clearly

identified as Five Four, and they retail for $145.00 a pair whereas Levis retail for $45 a pair.

Furthermore, there is no overlap as to channels of trade. Five Four products are typically sold in

boutique outlets such as Fred Segal. On the other hand, Levis' products are sold in Levis stores where

Five Four products are not available. Thus, there is no likelihood of confusion. [*Sleekcraft*]

Even in the unlikely event that the jeans in Exhibit C to the Complaint could be deemed

confusing, Levis would be unable to obtain damages because Five Four's jeans were not "willfully

calculated to exploit the advantage of an established mark." [*See Lindy Pen Co. v. Bic Pen Corp.*, 982

F.2d 1400, 1405, 1407-8 (9th Cir.1993)] Levi's claim for injunctive relief is also moot because Five

1    Four ceased using the jeans depicted in Exhibit C prior to the lawsuit being filed.  [*See Polo Fashions*,

2    *Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135 (9th Cir.1986)].

3    **3.    Issues in Dispute.**

4    The issues (both factual and legal) set forth below are not meant to be final or exhaustive, and

5    the parties reserve their rights to reformulate these issues or include other appropriate issues as they

6    develop or become known to the parties through the course of discovery and investigation.

7    Furthermore, the characterization of an issue as "factual" or "legal" is not necessarily a concession

8    that it is not the other or both.

9    Factual Issues:

10    a.    Whether Five Four's manufacture, distribution, and/or sale of products bearing

11    the stitching designs at issue is likely to cause confusion, mistake or deception among consumers and

12    potential consumers.

13    b.    Whether Five Four's manufacture, distribution, and/or sale of products bearing

14    the stitching designs at issue dilutes or is likely to dilute LS&CO.'s Arcuate Trademark.

15    c.    Whether and to what extent LS&CO. has been damaged by Five Four's

16    manufacture, distribution, and/or sale of products bearing the stitching designs at issue.

17    Legal Issues:

18    a.    Whether Five Four's manufacture, distribution, and/or sale of products bearing

19    the stitching designs at issue constitutes infringement and dilution of LS&CO.'s Arcuate Trademark

20    and unfair competition under the federal Lanham Act, 15 U.S.C. § 1051 *et seq.*

21    b.    Whether Five Four's manufacture, distribution, and/or sale of products bearing

22    the stitching designs at issue constitutes trademark infringement and unfair competition under

23    California common law and/or Cal. Bus. & Prof. Code §§ 14320, 17200 *et seq.*, and dilution of

24    LS&CO.'s Arcuate Trademark under Cal. Bus. & Prof. Code § 14330.

25    c.    Whether LS&CO. is entitled to an accounting and recovery of Five Four's

26    profits on account of the infringement under the federal Lanham Act, 15 U.S.C. § 1117(a) and/or

27    common law.

28

**4.     Motions.**

The parties anticipate that they may file dispositive motions, depending on the evidence that is produced during the discovery process.

**5.     Amendment of Pleadings.**

LS&CO. does not anticipate amending its complaint.  Five Four has not yet appeared in this action.

**6.     Evidence Preservation.**

LS&CO. has taken steps, including the suspension of normal document destruction programs and placement of a litigation hold for documents, including electronically stored documents, to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document destruction program and any ongoing erasure of emails, voice mails and other electronically recorded materials.

Five Four is in the process of gathering information in connection with this matter.  It has not altered or otherwise destroyed any evidence.

**7.     Disclosures.**

The parties have agreed to exchange their Rule 26 initial disclosures no later than May 30, 2008.

**8.     Discovery.**

The parties expect to agree upon a stipulation regarding the entry of a protective order governing documents and information to be disclosed in the course of this litigation.  Thereafter, the parties anticipate exchanging document requests and other written discovery and cooperating in arranging depositions of pertinent party and non-party witnesses.  The parties do not propose any other changes with regard to the timing, form, or requirement for disclosures under FRCP Rule 26(a).  The parties have not agreed to any limitations on the subject matter of discovery, and are to complete discovery within the time limits to be set by the court.  Should the need arise at a later date to amend these deadlines, they may be modified by stipulation and order or motion supported by good cause.

**9.     Class Actions.**

This is not a class action.

**10.    Related Cases.**

There are no related cases pending in this Court.

**11.    Relief.**

Pursuant to 15 U.S.C. § 1117(a), LS&CO. will seek damages in the amount of Five Four's profits from the sale of infringing goods.  Given that discovery with respect to damages has not yet begun, LS&CO. is unable to compute damages at this time.  LS&CO. may seek recovery of extraordinary damages and recovery of its attorneys' fees in the event that discovery shows Five Four's conduct to have been willful.  LS&CO.'s complaint also seeks injunctive relief.

Five Four will seek a declaration that none of its merchandise infringes on Levis' intellectual property.

**12.    Settlement and ADR.**

The parties request referral to mediation as their ADR process.

**13.    Consent to Magistrate Judge For All Purposes.**

LS&CO. has filed its consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

Five Four does not consent to a magistrate judge.

**14.    Other References.**

The parties do not believe the case is suitable for reference to binding arbitration, a special master or magistrate judge, or to the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues.**

The parties do not believe that the issues in dispute can be narrowed.

**16.    Expedited Schedule.**

The parties do not believe that this type of case can be handled on an expedited basis with streamlined procedures.

**17.    Scheduling.**

The parties propose the following discovery and court dates:

| | |
|---|---|
| Fact Discovery Cutoff: | December 19, 2008 |
| Expert Disclosures: | December 19, 2008 |

| | |
|---|---|
| Rebuttal Expert Disclosures: | January 23, 2009 |
| Expert Discovery Cut-off: | February 13, 2009 |
| Last Date for Filing of Dispositive Motions: | March 4, 2009 |
| | (to be heard April 8, 2009) |
| Final Pretrial Conference Date: | May 13, 2009 |
| Trial Date: | May 18, 2009 |

**18.    Trial.**

The parties expect that the trial will last five to seven court days.  LS&CO. has demanded a jury.  The parties do not believe bifurcation is a viable alternative in this case.

**19.    Disclosure of Non-party Interested Entities or Persons.**

LS&CO. has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 certifying that other than the named parties there are no other interested entities or persons.

**20.    Other Items.**

None.


DATED:  May 8, 2008              Respectfully submitted,


                                By:  /s/ Gia Cincone
                                     Gia Cincone
                                     TOWNSEND AND TOWNSEND AND CREW LLP
                                     Attorneys for Plaintiff
                                     LEVI STRAUSS & CO.


DATED:  May 8, 2008

                                By:  /s/ Brent H. Blakely
                                     Brent H. Blakely
                                     Attorneys for Defendant
                                     FIVE FOUR CLOTHING, INC.


IT IS SO ORDERED.

DATED:  _____, 2008       _____
                                 Magistrate Judge Edward M. Chen

61361720 v1

Joint Case Management Statement          - 6 -          Levi Strauss & Co. v. Five Four Clothing, Inc.
and [Proposed] Order                                    Case No. C 08-0478 EMC