Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410
*Attorneys for Defendant/Counterclaimant*
*Five Four Clothing, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & COMPANY,<br><br>        Plaintiff,<br><br>    vs.<br><br>FIVE FOUR CLOTHING, INC.,<br><br>        Defendant. | CASE NO. CV 08-0478 EMC<br><br>***DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT & COUNTERCLAIM FOR DECLARATORY RELIEF*** |

Defendant Five Four Clothing, Inc. ("Defendant" or "Five Four") hereby responds to the Complaint filed by Plaintiff Levi Strauss & Co. ("Plaintiff" or "LS&CO") as follows:

**JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

1.    With respect to the allegations contained in paragraph 1, Defendant admits that Plaintiff purports to allege claims arising under the Lanham Act, that this Court has jurisdiction over such purported federal claims, and that this Court has supplemental jurisdiction over Plaintiff's purported state law claims. Defendant denies that Plaintiff's claims, or any of them, have any merit.

2.    With respect to the allegations contained in paragraph 2, Defendant admits that it transacts business in this judicial district. Save and except as expressly admitted herein, Defendant denies the remaining allegations of paragraph 2.

3.  With respect to the allegations contained in paragraph 3, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## PARTIES

4.  With respect to the allegations contained in paragraph 4, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

5.  With respect to the allegations contained in paragraph 5, Defendant admits that Five Four Clothing, Inc. is a California corporation located in Los Angeles, California and is a company engaged in the business of selling high quality jean wear throughout the United States, including this judicial district. Save and except as expressly admitted herein, Defendant denies the remaining allegations of paragraph 5.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

### LS&CO.'s Use of its Trademarks

6.  With respect to the allegations contained in paragraph 6, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

7.  With respect to the allegations contained in paragraph 7, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

8.  With respect to the allegations contained in paragraph 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

9.  With respect to the allegations contained in paragraph 9, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

10. With respect to the allegations contained in paragraph 10, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**Defendant's Infringement of LS&CO.'s Trademark**

11. With respect to the allegations contained in paragraph 11, Defendant denies all allegations therein.

12. With respect to the allegations contained in paragraph 12, Defendant admits that it has sold jeans that display stitching designs on the rear pockets as shown on Exhibit C to the Complaint. Save and except as expressly alleged herein, Defendant denies the remaining allegations of Paragraph 12.

13. With respect to the allegations contained in paragraph 13, Defendant admits that it has produced, offered for sale, and sold jeans depicted in Exhibit C. Save and except as expressly alleged herein, Defendant denies the remaining allegations of Paragraph 13.

14. With respect to the allegations contained in paragraph 14, Defendant denies all allegations therein, including any and all of its subparts.

15. With respect to the allegations contained in paragraph 15, Defendant denies all allegations therein.

**FIRST CLAIM**

**FEDERAL TRADEMARK INFRINGEMENT**

(15 U.S.C. §§ 1114-1117; Lanham Act § 32)

16. With respect to the allegations contained in paragraph 16, Defendant incorporates each admission, denial and allegation set forth in paragraphs 1 through 15 above as though fully set forth herein.

17. With respect to the allegations contained in paragraph 17, Defendant denies all allegations therein.

18. With respect to the allegations contained in paragraph 18, Defendant denies all allegations therein.

19. With respect to the allegations contained in paragraph 19, Defendant denies all allegations therein.

20. With respect to the allegations contained in paragraph 20, Defendant denies all allegations therein.

## SECOND CLAIM

## FEDERAL UNFAIR COMPETITION

### (False Designation of Origin and False Decription)

### (15 U.S.C. § 1125(a); Lanham Act § 43(a))

21. With respect to the allegations contained in paragraph 21, Defendant incorporates each admission, denial and allegation set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. With respect to the allegations contained in paragraph 22, Defendant denies all allegations therein.

23. With respect to the allegations contained in paragraph 23, Defendant denies all allegations therein.

## THIRD CLAIM

## FEDERAL DILUTION OF FAMOUS MARKS

### (Federal Trademark Dilution Act of 1995)

### (15 U.S.C. § 1125(c); Lanham Act § 43(c))

24. With respect to the allegations contained in paragraph 24, Defendant incorporates each admission, denial and allegation set forth in paragraphs 1 through 23 above as though fully set forth herein.

25. With respect to the allegations contained in paragraph 25, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

26. With respect to the allegations contained in paragraph 26, Defendant denies all allegations therein.

27. With respect to the allegations contained in paragraph 27, Defendant denies all allegations therein.

28. With respect to the allegations contained in paragraph 28, Defendant denies all allegations therein.

## FOURTH CLAIM

## CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT

(Cal. Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)

29. With respect to the allegations contained in paragraph 29, Defendant incorporates each admission, denial and allegation set forth in paragraphs 1 through 28 above as though fully set forth herein.

30. With respect to the allegations contained in paragraph 30, Defendant denies all allegations therein.

31. With respect to the allegations contained in paragraph 31, Defendant denies all allegations therein.

32. With respect to the allegations contained in paragraph 32, Defendant denies all allegations therein.

33. With respect to the allegations contained in paragraph 33, Defendant denies all allegations therein.

## FIFTH CLAIM

## CALIFORNIA UNFAIR COMPETITION

(Cal. Bus. & Prof. Code § 17200)

34. With respect to the allegations contained in paragraph 34, Defendant incorporates each admission, denial and allegation set forth in paragraphs 1 through 33 above as though fully set forth herein.

35. With respect to the allegations contained in paragraph 35, Defendant denies all allegations therein.

36. With respect to the allegations contained in paragraph 36, Defendant denies all allegations therein.

# AFFIRMATIVE DEFENSES

Without admitting or conceding that it has the burden of proof or persuasion with respect to the matters asserted below, Defendant asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

37. Each of the purported claims alleged in the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

38. The purported First Claim for Federal Trademark Infringement, the purported Second Claim for False Designation of Origin, the purported Third Claim for Federal Trademark Dilution, the purported Fourth Claim for California Trademark Dilution and Trademark Infringement, the purported Fifth Claim for California Unfair Competition, and any monetary recovery based on these purported claims, are barred by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE
### (No Likelihood of Confusion)

39. Each of the purported claims set forth in the Complaint is barred, in whole or in part, because goods manufactured and sold by Defendant are not confusingly similar to goods sold by LS&CO., and no consumers have been or will be confused into believing that goods manufactured and sold by Defendant originate from the same source as goods manufactured and sold by LS&CO.

## FOURTH AFFIRMATIVE DEFENSE
### (Doctrine of Laches)

40. Each of the purported claims alleged in the Complaint is barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Doctrines of Waiver, Acquiescence, Estoppel)

41. Each of the purported claims alleged in the Complaint is barred, in whole or in part, by the doctrines of waiver, acquiescence and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Doctrine of Unclean Hands)

42. Each of the purported claims alleged in the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Restraint on Trade)

43. Each of the purported claims alleged in the Complaint is barred, in whole or in part, because LS&CO. has acted to restrain trade or injure competition and has committed other acts constituting misuse of trademarks and unfair competition.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

44. Each of the purported claims alleged in the Complaint is barred, in whole or in part, because Defendant's conduct did not actually or proximately cause any of the losses or damages allegedly sustained by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

45. Any and all acts alleged to have been committed by Defendants, if performed, were performed with lack of knowledge and lack of willful intent.

## TENTH AFFIRMATIVE DEFENSE

### (No Basis for Attorneys' Fees)

46. Defendants have failed to allege adequate and/or reasonable basis upon which to seek attorneys' fees against Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Basis for Special or General Damages)

47. Defendants have failed to allege adequate and/or reasonable basis upon which special or general damages should be awarded.

## TWELFTH AFFIRMATIVE DEFENSE

48. Defendant is not liable for exemplary damages because neither DC Shoes nor any of its officers, directors or managing agents acted intentionally or willfully to commit any infringing act.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Inequitable, Against Public Policy)

49. Under the circumstances, holding Defendant responsible for any purported damages allegedly suffered by Plaintiff would be inequitable, unfair, and/or against public policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

50. Defendant reserves the right to allege other affirmative defenses as they may become known during the course of discovery, and hereby specifically reserves the right to amend their Answer to allege said affirmative defenses as such time as they become known.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

51. Defendant expressly or by conduct approved, authorized, accepted, or ratified the acts and/or transactions of which they complain and thus are barred from recovery.

/ / /

/ / /

/ / /

/ / /

## DEFENDANT'S COUNTERCLAIM

Defendant/Counterclaimant Five Four Clothing, Inc. (hereinafter "Five Four" or "Counterclaimant"), for its Counterclaim against Plaintiff/Counter-defendant (hereinafter "LS&Co." or "Counter Defendant"), alleges as follows:

### NATURE OF THE ACTION AND RELIEF SOUGHT

52. This action seeks a court declaration of the parties' respective rights and obligations regarding Five Four's use of its pocket stitching in connection with the sale of denim jeans. More particularly, this action seeks a court declaration that such use by Defendant does not infringe any valid and protectable trademark owned by LS&Co.

### PARTIES

53. Counterclaimant Five Four is a corporation duly organized and existing under the laws of the State of California, having its principal place of business in Los Angeles, California.

54. Five Four is informed and believes, and on that basis alleges, that Defendant LS&Co. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1155 Battery Street, San Francisco, California.

### JURISDICTION AND VENUE

55. This is an action for declaratory relief brought under 28 U.S.C. §§ 2201 and 2202, and under the Lanham Act, 15 U.S.C. §§ 1114(1)(a), 1125(a) and 1125(c). This Court has federal question jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

56. This Court has personal jurisdiction over the parties because, among other reasons, LS&Co. is a resident and/or does business in the State of California.

57. Venue is proper in this judicial district under 28 U.S.C. § 1391, because LS&Co. does business in this district, a substantial part of the events giving rise to this litigation occurred in this district, and a substantial part of the property that is subject to this litigation is situated in this district.

## CLAIM FOR DECLARATORY RELIEF

58. Five Four incorporates herein by reference each and every allegation contained in paragraphs 52-57 above with the same force and effect as if completely and fully set forth herein.

59. Five Four was founded in 2002 by creative director Andres Izquieta and his partner, Dee Murphy.

60. Five Four has grown from a line of six basic tees to a full collection of over 150 styles of clothing which include, but are not limited to, shirts, jackets, jeans, and sweaters.

61. The Five Four brand embodies the spirit of modern culture. Through its progressive designs and modern aesthetic, the collection reflects the essence of a brand without any boundaries.

62. On January 22, 2008, LS&Co. filed a Complaint against Five Four for Trademark Infringement and related claims under the Lanham Act as well as California Trademark Infringement and Unfair Competition claims as a result of Five Four's use of the Five Four back-pocket stitching.

63. There is an actual and existing controversy between the parties regarding Five Four's use of the Five Four back-pocket stitching.

64. In light of such controversy between the parties, Five Four seeks a declaration from this Court that the use of its Five Four back-pocket stitching in connection with the sale of denim jeans products does not infringe any valid and protectable trademark owned by LS&Co.

65. Such a declaration is necessary and proper at this time so that Five Four may know its rights and obligations in connection with its design, manufacture, marketing and sale of denim jeans products.

///

///

///

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaimant Five Four prays for judgment against LS&Co. as follows:

1. Declaratory Judgment stating that Five Four's use of the Five Four back-pocket stitching in connection with the sale of denim jeans products does not infringe any valid and protectable trademark owned by LS&Co.;

2. Dismissal with prejudice of Plaintiff LS&Co.'s Complaint against Five Four;

3. Attorneys' fees and costs of suit incurred herein; and

4. Such other and further relief as the Court may deem just and proper.

DATED:   May 14, 2008          BLAKELY LAW GROUP


By: _____/s/_____
Brent H. Blakely
*Attorneys for Defendant/Counterclaimant*
*Five Four Clothing, Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury as to the claims in this litigation.

DATED:   May 14, 2008          BLAKELY LAW GROUP


By: _____/s/_____
Brent H. Blakely
*Attorneys for Defendant/Counterclaimant*
*Five Four Clothing, Inc.*